UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELICA ROSALES,<br><br>  Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF CITY COLLEGES OF CHICAGO, COMMUNITY COLLEGE DISTRICT NO. 508; CITY COLLEGES OF CHICAGO SCHOOL OF NURSING, MALCOLM X COLLEGE; CITY COLLEGES OF CHICAGO SCHOOL OF NURSING, RICHARD J. DALEY COLLEGE; MARSHA ATKINS, an individual; GWENDOLYN RICE, an individual; and DOES 1-XX, inclusive;<br><br>  Defendants. | Case No.: _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, ANGELICA ROSALES, by and through her counsel, JASON J. BACH, Esq., of THE BACH LAW FIRM, LLC, and hereby complains and alleges against the above-named Defendants, and each of them, based upon knowledge, information and a reasonable belief derived therefrom, as follows:

**INTRODUCTION**

This is a Complaint for Damages and injunctive relief brought by a student at City Colleges of Chicago School of Nursing. The claims against the college and faculty of this public university are based upon 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution, alleging infringement of Plaintiff's right to substantive due process and equal protection. Plaintiff

also relies on the Nursing Student Handbook and Student Policy Manual to allege a pendent breach of contract claim.

## PARTIES

1. Plaintiff, ANGELICA ROSALES, is and was a resident of Chicago, State of Illinois, and at all times relevant herein was a student in the City Colleges of Chicago School of Nursing, Richard J. Daley College.

2. Defendant, THE BOARD OF TRUSTEES OF CITY COLLEGES OF CHICAGO, COMMUNITY COLLEGE DISTRICT NO. 508, operates the City Colleges of Chicago School of Nursing; including, without limitation, the CITY OF COLLEGES OF CHICAGO SCHOOL OF NURSING, RICHARD J. DALEY COLLEGE, AND THE CITY OF COLLEGES OF CHICAGO SCHOOL OF NURSING, MALCOLM X COLLEGE; a public educational institution located in the City of Chicago, County of Cook, State of Illinois. Upon the completion of the 2015-2016 academic year, City Colleges of Chicago School of Nursing, Richard J. Daley College and other City Colleges of Chicago School of Nursing program campuses were consolidated into a single entity: City Colleges of Chicago School of Nursing at Malcolm X College.

3. Defendant, MARSHA ATKINS, is the Dean of Nursing at City Colleges of Chicago School of Nursing at Malcolm X College. She is being sued individually and in her official capacity as Dean of Nursing.

4. Defendant, GWENDOLYN RICE, is the Associate Dean of Nursing at City Colleges of Chicago School of Nursing at Malcolm X College. She is being sued individually and in her official capacity as Associate Dean of Nursing.

5. That the true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES I through X are unknown to Plaintiff, who therefore, sues said Defendants by such fictitious names.

6. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint, to insert the true names and capacities of said Defendants, and when the same have been ascertained to join such Defendants in this action.

7. At all times herein, Defendants have been acting under color of law.

8. At all times relevant hereto, and in all their actions described herein, Defendants' actions took place in the State of Illinois.

9. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well-established and settled law.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the claims set forth in this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights) as the claims are based upon 42 U.S.C. § 1983.

11. Supplemental jurisdiction over Plaintiff's pendent state law claim is invoked pursuant to 28 U.S.C. § 1367, as the claim arises out of the same transaction and occurrence as Plaintiff's federal claims.

12. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) in that the claims arose in this district, and Plaintiff and Defendants are located in this district.

13. Costs, expert witness fees, and attorney's fees are sought pursuant to 42 U.S.C. § 1988.

## GENERAL FACTUAL ALLEGATIONS

14. Plaintiff successfully completed all of the nursing program requirements at City Colleges of Chicago School of Nursing in 2013 and is eligible to sit for the National Council Licensure Examination-Registered Nurse (NCLEX-RN) exam.

15. NCLEX examinations are developed and owned by the National Council of State Boards of Nursing, Inc. (NCSBN). The NCSBN administers these examinations on behalf of its member boards which consist of the boards of nursing in the 50 states, the District of Columbia, and four U.S. territories: American Samoa, Guam, Northern Mariana Islands and the Virgin Islands.

16. To ensure public protection, each board of nursing requires a candidate for registered nurse licensure to pass the NCLEX-RN exam.

17. In direct violation of the 2012-13 Nursing Student Handbook, Defendants ATKINS and RICE refuse to forward Plaintiff's information to Continental Testing Services (CTS) so that she may sit for the NCLEX-RN exam.

18. Shortly after graduating from the nursing program, Plaintiff submitted her application to Continental Testing Services to take her NCLEX-RN exam. Along with her application, she submitted her proof of fingerprints and proof of payment to CTS and to the National Council State Board of Nursing (NCSBN).

19. Upon submission of that information to the college, it was the college's contractual and ethical duty to submit all documentation to CTS showing that she completed the program so

that Plaintiff could take the NCLEX-RN exam; it was Defendants ATKINS and RICE's responsibility to perform said duty.

20. Despite Plaintiff complying with all of the requirements to register for the NCLEX-RN exam, the college failed to submit Plaintiff's documentation to CTS.

21. Plaintiff attempted to contact the college on multiple occasions to determine why her documentation was never sent to CTS.

22. First, Plaintiff spoke with Defendant RICE, who told her that she needed to complete a Virtual ATI (VATI) review course, which was mandatory for the students graduating in 2014, in order for Plaintiff to be "green-lighted" to take the exam.

23. Plaintiff, who graduated in 2013, is not required to complete VATI in order to be eligible for the exam because the Nursing Student Handbook for 2012-2013 does not mention that graduates are required to complete VATI to be "green-lighted" to take the exam, and none of the classmates with whom Plaintiff graduated with were required to complete VATI before taking the licensing exam.

24. It is not clear why the college is treating Plaintiff differently from the rest of her graduating class; Plaintiff contacted the school multiple times between 2014 and the filing of the instant complaint, and she was repeatedly informed that she was required to complete VATI.

25. In early May 2016, Plaintiff spoke to Defendant RICE regarding her application, and Defendant RICE again mistakenly told Plaintiff that Plaintiff needed to complete VATI in order to be eligible to take the NCLEX-RN exam.

26. When Plaintiff informed Defendant RICE that the school was making a mistake because her graduating class was not required to take the VATI, Defendant RICE appeared to

become extremely agitated, demanded Plaintiff's social security number, stated that she was going to investigate, and told Plaintiff she would call CTS herself about Plaintiff's application.

27. Despite not being required to do so, Plaintiff registered for VATI review and informed Defendants ATKINS and RICE that she had done so.

28. On May 10, 2016, Defendant RICE told Plaintiff that neither she nor Defendant ATKINS would approve her to take the licensing test. Defendant RICE did not provide an explanation as to why Defendants refused to allow a graduate of their program to take the licensing exam.

29. On May 11, 2016, Plaintiff made contact with the Defendant ATKINS regarding her application to sit for the NCLEX-RN exam. Defendant ATKINS' response to Plaintiff was extremely condescending, and she accused Plaintiff of failing to contact the school for three years after graduation regarding her exam application.

30. As is set forth above, Plaintiff contacted the school on numerous occasions, but each time she was not successful in getting the school to submit the required information to CTS.

31. Prior to responding to Plaintiff, Defendant ATKINS failed to consult with the requirements of the class of 2013 to take the NCLEX-RN exam; Defendant ATKINS stated that she was not with the school until July of 2014 and was not aware of the requirements for Plaintiffs' graduation class.

32. Defendant ATKINS stated that she would investigate the application herself and would get back to Plaintiff once her investigation was complete; Plaintiff has not been contacted by Defendant ATKINS or anybody at the college since May 11, 2016.

33. Plaintiff sent another email to Defendant ATKINS asking whether she had completed her investigation. As of the time of the filing of the instant complaint, Plaintiff has not been given the courtesy of a response.

34. The decisions made by Defendants to refuse to allow Plaintiff to sit for the NCLEX-RN exam are arbitrary and capricious in nature, are in violation of the 2012-13 Nursing Student Handbook, Student Policy Manual, and are in violation of Plaintiff's U.S. Constitutional Rights.

35. As a result of Defendants' arbitrary, capricious, and unlawful actions, Plaintiff has been prevented from advancing her career as a registered nurse by halting and destroying her ability to obtain licensure, employment, and work experience.

36. As a result of the above, Defendants, and each of them, have wrongly caused Plaintiff to be sanctioned and prevented from taking the NCLEX-RN exam, all in violation of her U.S. Constitutional Rights, depriving him of the opportunity to obtain an education and further her career, and inflicting emotional distress and physical injury, causing substantial damages.

### FIRST CAUSE OF ACTION
(Against The Board of Trustees of City Colleges of Chicago Community College District No. 508; City Colleges of Chicago School of Nursing, Richard J. Daley College; and City Colleges of Chicago School of Nursing, Malcolm X College)

### CIVIL RIGHTS VIOLATION 42 U.S.C. § 1983, *MONELL* CLAIM

37. Paragraphs 1 through 36, inclusive, are incorporated by this reference as if realleged fully herein.

38. Defendants' actions resulted from, and were taken, pursuant to a *de facto* policy of Defendants The Board of Trustees of City Colleges of Chicago Community College District No. 508; City Colleges of Chicago School of Nursing, Richard J. Daley College; and City Colleges of Chicago School of Nursing, Malcolm X College (collectively, the "CCC Defendants"), which is implemented by the Deans, Professors, and other employees of the said CCC Defendants, all acting

under the color of law, who chose to violate Plaintiff's constitutional rights, without rightful authority of law.

39. The existence of the *de facto* policies described herein has been known to supervisory and policy making officers and officials of said CCC Defendants for a substantial period of time.

40. Despite their knowledge of the illegal policies, practices, and behaviors, supervisory and policy-making officers and officials of the CCC Defendants have not taken steps to meaningfully investigate said practices, have not disciplined or otherwise properly supervised the individual employees who engaged in the said practices and behaviors, have not effectively trained the Deans, Professors, and other employees with regard to the proper constitutional and statutory limits on the exercise of their authority, and have instead sanctioned the policies and the practices described herein.

41. That the above-described actions and omissions by the CCC Defendants were deliberate and intentional and have resulted in violations of Plaintiff's rights to equal protection and due process, all in violation of the Fourteenth Amendment to the United States Constitution.

42. That by reason of the aforesaid actions, Plaintiff is entitled to a Permanent Injunction requiring the CCC Defendants, or their agents, to cease all unlawful and unconstitutional acts that they currently engage in.

43. That by reason of the aforesaid actions, the CCC Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of Plaintiff and other similarly situated students of said Defendants, all in violation of her constitutional rights, and as a direct and proximate result thereof, she is entitled to an award of monetary damages from the CCC Defendants.

44. It has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action, and she is entitled to an award of attorney's fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION
(Against All Defendants)

**CIVIL RIGHTS VIOLATION 42 U.S.C. § 1983, SUBSTANTIVE DUE PROCESS**

45. Paragraphs 1 through 45, inclusive are incorporated by this reference as if realleged fully herein.

46. That Plaintiff has a clearly established right to equal access to all benefits and privileges of a public higher education and a right to be from said illegal practices and policies.

47. The actions of the Defendants, as described above, were arbitrary and capricious, and were not rationally related to any legitimate interest.

48. As a result of Defendants' actions, Plaintiff suffered and continues to suffer a deprivation of her rights, privileges and immunities secured to them by the Fourteenth Amendment to the United States Constitution.

49. That by reason of the aforesaid actions, Plaintiff is entitled to a Permanent Injunction requiring all Defendants, or their agents, to cease all unlawful and unconstitutional acts that they currently engage in.

50. That by reason of the aforesaid actions, Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of Plaintiff and other similarly situated students, all in violation of her constitutional rights, and as a direct and proximate result thereof, she is entitled to an award of monetary damages from all Defendants.

51. The acts, conduct and behavior of each of the individual Defendant was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages from the individual Defendants.

52. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

### THIRD CAUSE OF ACTION
### (Against All Defendants)

### CIVIL RIGHTS VIOLATION 42 U.S.C. § 1983, EQUAL PROTECTION

53. Paragraphs 1 through 53, inclusive are incorporated by this reference as if realleged fully herein.

54. That the actions by Defendants described above have resulted in the denial of equal protection rights, as a "class of one," all in violation of the Fourteenth Amendment to the United States Constitution, as Plaintiff was unfairly disciplined against her will and differently than those similarly situated nursing students at City Colleges of Chicago School of Nursing.

55. That the actions of Defendants were the result of personal animus against the Plaintiff, and said actions and denials were taken without any rational basis.

56. That by reason of the aforesaid actions, Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of Plaintiff and other similarly situated students, all in violation of her constitutional rights.

57. That by reason of the aforesaid actions, Plaintiff is entitled to a Permanent Injunction requiring the CCC Defendants, or their agents, to cease all unlawful and unconstitutional acts that they currently engage in.

58. As a result of Defendants actions, Plaintiff suffered and continues to suffer a deprivation of her rights, privileges and immunities secured to them by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from all Defendants.

59. The acts, conduct and behavior of each of the individual Defendant was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages from the individual Defendants.

60. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## FOURTH CAUSE OF ACTION
**(Against The Board of Trustees of City Colleges of Chicago Community College District No. 508; City Colleges of Chicago School of Nursing, Richard J. Daley College; and City Colleges of Chicago School of Nursing, Malcolm X College)**

### BREACH OF CONTRACT

61. Paragraphs 1 through 61, inclusive are incorporated by this reference as if realleged fully herein.

62. Plaintiff has an express and implied contract with the CCC Defendants in connection with rights explicitly guaranteed by the Nursing Student Handbook and the Student Policy Manual, and other written policies and procedures of said Defendants; including, but not limited to, the policies on equal educational opportunities, student discipline and disciplinary procedures.

63. The actions of the CCC Defendants constitute a breach of the express and implied contract.

64. That by reason of the aforesaid actions, Plaintiff is entitled to a Permanent Injunction requiring the CCC Defendants, or their agents, to cease all unlawful and unconstitutional acts that they currently engage in.

65. As a result of the breach committed against the Plaintiff, Plaintiff has been damaged and is thus entitled to an award of monetary damages from the CCC Defendants.

66. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all issues in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in Plaintiff's favor: (a) and against all of the Defendants, and each of them, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) to be determined at trial; (b) and against the individual Defendants, and each of them, for punitive damages each in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) to be determined at trial; (c) and against all of the Defendants, and each of them, for injunctive and declaratory relief; (d) and together with the costs and disbursements of this action and such other attorney's fees pursuant to 42 U.S.C. § 1988; and (e) further relief as justice requires.

DATED this 24th day of October, 2016.

**THE BACH LAW FIRM, LLC**

By  */s/ Jason J. Bach*
Jason J. Bach, Esq.
7881 W. Charleston Blvd., Suite 165
Las Vegas, Nevada 89117
*Attorney for Plaintiff*